IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| V.A.L. FLOORS, | : | |
|       Plaintiff, | : | |
| v. | : | CASE NO. 08-CV-5680 |
| | : | |
| 1419 TOWER, L.P. and | : | |
| SHOEMAKER CONSTRUCTION CO., | : | |
|       Defendants. | : | |
| | : | |

MEMORANDUM & ORDER

**RUFE, J.**                                                                                                                **July 8, 2009**

## I.  INTRODUCTION

This is an action for payment under a construction project sub-contract. The construction project ("Project") in question was the building of the Aria Condominium ("Aria") in Philadelphia. Plaintiff V.A.L. Floors ("V.A.L."), a flooring subcontractor, sues one of the Aria's owners, 1419 Tower L.P. ("1419 Tower"), as well as the general contractor for the Project, Shoemaker Construction Co. ("Shoemaker") for payment for work performed. It appears that the Project spawned multiple legal disputes. At least one other civil action related to the Project is pending in this judicial district, before Judge Pratter. Presently before the Court is Shoemaker's Motion to consolidate this action ("the V.A.L. Action") with the aforementioned pending action,[1] styled <u>Eastern Electrical Corporation of New Jersey v. Shoemaker Construction Company, 1419 Tower L.P., Urban Residential LLC, and Metropolitan Housing Partners LLC</u> ("the Eastern

---

[1] Shoemaker Constr. Co.'s Mot. to Consol. ("Mot. Consol.") [Doc. No. 14].

1

Action"), pursuant to Federal Rule of Civil Procedure 42(a).[2]  For the reasons that follow, the Motion will be denied.

## II.  BACKGROUND

*A.  The V.A.L. Action*

V.A.L. filed the civil action Complaint in this matter on December 5, 2008.[3] Therein, V.A.L. alleges that while laboring under a valid, written sub-contract to perform flooring work for the Project, it completed its work in a good and workmanlike fashion, and that Defendants Shoemaker and 1419 Tower accepted its work without any claim of deficiency, but have since failed to pay V.A.L. $165,634.51 for the job, which amount, plus interest, is now due and owing.  V.A.L. also alleges that 1419 Tower is withholding payment from Shoemaker for work done on the Project.  V.A.L. brings three Counts against Shoemaker, under theories of Breach of Contract, violation of Pennsylvania Contractor and Subcontractor Payment Act,[4] and Quantum Meruit or Unjust Enrichment, and one Count against both Shoemaker and 1419 Tower, seeking a Constructive Trust on money being held by 1419 Tower from Shoemaker for the benefit of V.A.L.

On March 18, 2009, default was entered against 1419 Tower after it failed to appear, plead or defend in the action.[5]  For its part, Shoemaker first filed a Motion to Dismiss

---

[2] The Eastern Action is civil action number 08-CV-03825.

[3] Doc. No. 1.

[4] 73 P.S. § 501, et seq. (1994).

[5] See Doc. No. 13 and the two immediately subsequent unnumbered docket entries recording the entry of default against 1419 Tower by the Clerk of Court.

Count Three,[6] consisting of the equitable claims against it, but then filed an Answer to the entire Complaint,[7] which prompted the dismissal of its Motion to Dismiss in Part as moot.[8]  On the same day it filed its Answer, Shoemaker filed the instant Motion asking the Court to consolidate this action and the Eastern Action pursuant to Federal Rule of Civil Procedure 42(a).

*B.  The Eastern Action*

In August of 2008, four months prior to the filing of the V.A.L. Action, the Eastern Action was filed in this District.  The Eastern Action was originally listed on the calendar of Judge Giles before being transferred, ultimately, to the calendar of Judge Pratter.  Plaintiff in the Eastern Action is the electrical subcontractor in the Aria Project, Eastern Electrical Corporation ("Eastern").  Eastern sues Shoemaker and Aria's various owners for nonpayment for work performed.  The defendants in the Eastern Action are the two defendants in the V.A.L. Action – Shoemaker and 1419 Tower – as well as the other apparent owners of Aria, Urban Residential LLC ("Urban") and Metropolitan Housing Partners LLC ("Metropolitan").  Eastern's claims against the four defendants are for breach of contract, violation of the Pennsylvania Contractor and Subcontractor Payment Act, Unjust Enrichment and Quantum Meruit.  The gist of the claims is that the defendants owe Eastern over $300,000 for contractual and extra-contractual work performed on the Project.  Eastern demands a jury trial.

Shoemaker has filed Cross-Claims in the Eastern Action against 1419 Tower and Urban ("Cross-Claim Defendants"), for breach of contract, declaratory judgment and violation of

---

[6] Doc. No. 8.

[7] Doc. No. 15.

[8] Doc. No. 16.  The dismissal was without prejudice.

the Pennsylvania Contractor and Subcontractor Payment Act. In its Cross-Claims Shoemaker alleges on behalf of itself and its sub-contractors, including Eastern and V.A.L. on a pass-through basis, that Cross-Claim Defendants owe it over $1.2 million dollars for work performed on the Project pursuant to contracts and valid change work orders. The Clerk of Court entered default against the Cross-Claim Defendants on April 7, 2009.[9] Shoemaker has since moved for default judgment on the Cross-Claims.

The Eastern Action also involves third party litigation in which Shoemaker sues various individuals and entities related to Defendant 1419 Tower, including a putative warrantor of some or all of 1419 Tower's debts in connection with the Project. Default was entered against these third-party defendants on June 10, 2009. Lastly, by court-approved party stipulation, the Eastern Action has been consolidated with a directly related insurance action involving party plaintiff Eastern.

### C. The Instant Motion to Consolidate

According to movant Shoemaker, the V.A.L. Action should be consolidated with the earlier-filed Eastern Action because the cases stem from the same construction project, share many of the same defendants and involve common questions of law and fact. While acknowledging the commonalities between the two actions, V.A.L. opposes consolidation, arguing that fairness considerations outweigh the efficiencies it could yield.[10]

In particular, V.A.L. claims that its interest in a swift, convenient, inexpensive and fair resolution might suffer prejudice if the V.A.L. Action were consolidated with the more

---

[9] Two days later, Shoemaker filed its Answer and Motion to Consolidate in the V.A.L. Action.

[10] V.A.L.'s Mem. of Law in Opp'n to Mot. Consol. ("Mem. Opp'n") [Doc. No. 18].

complicated Eastern Action. It points to the additional defendants, Cross-Claims, consolidated and third party litigation, as well as the jury demand present in the Eastern Action but absent here. It also correctly notes that Shoemaker has admitted in its Answer that V.A.L.'s work was timely and adequately performed, and accepted by 1419 Tower without objection.[11] As such, the dispute between V.A.L. and Shoemaker is narrow, consisting of two issues: whether Shoemaker presently owes V.A.L. payment if it has not been fully paid by 1419 Tower, effectively a question of contract interpretation; and whether V.A.L. may obtain a constructive trust in its favor on $165,634.51 of the money 1419 Tower is allegedly withholding from Shoemaker. In contrast, the Eastern Action has evolved into a set of competing claims, Cross-Claims and third party claims arising from the circumstances of Eastern's performance of its sub-contract, modifications made and work orders added thereto by Shoemaker or certain Aria owners, and site readiness and permitting issues that allegedly impaired Eastern's ability to do its job in a cost-effective fashion.

### III. DISCUSSION

Federal Rule of Civil Procedure 42(a) permits consolidation of cases in the same "court" where the cases in question involve "common questions of law or fact."[12] Neither motion nor party consent to consolidation is required under Rule 42(a),[13] such that V.A.L.'s objection in this case is, in and of itself, no obstacle to consolidation.

The Rule's "same court" requirement has been uniformly interpreted to mean

---

[11] See Shoemaker's Answer at ¶¶ 9-10.

[12] Fed. R. Civ. P. 42(a).

[13] See SmithKline Beecham Corp. v. Geneva Pharmaceuticals, Inc., No. 99-CV-2926, 99-CV-4304, 00-CV-1393, 00-CV-4888, 00-CV-5953, 00-CV-6464, 01-CV-159, 01-CV-1027, 01-CV-2169, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001).

judicial district or jurisdiction,[14] while its commonality requirement is less demanding than that necessary to support joinder under the federal joinder rules.[15]  To promote judicial economy, a district court has "broad discretion" to consolidate actions for trial or pretrial purposes that meet the commonality requirement.[16]  By the same token, courts will reject consolidation requests where a preponderance of fairness or prejudice concerns, such as inconvenience, delay, expense, or risk of jury confusion, appears.[17]

Certain efficiencies may be gained by consolidation of this matter with the Eastern Action.  Indeed, some claims of the subcontractor-plaintiffs in each case as against Shoemaker may turn on similar questions of contractual interpretation under Pennsylvania law, to the extent the relevant sub-contracts are the same.[18]  Yet, the Court finds that any gain in judicial economy is overbalanced by the prejudice, in the form of significant and predictable inconvenience, that may accrue to V.A.L. from the consolidation of its case with the more multi-faceted and complex Eastern Action.  For example, V.A.L. has not sought a jury trial, yet the Eastern Action will be heard, in the event of trial, by a jury.  As it now stands, and depending on the outcome of the

---

[14] E.g., Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267, 273 (3d Cir. 1962).

[15] See Hall v. Babcock & Wilcox Co., 69 F. Supp. 2d 716, 733 (E.D. Pa. 1999) (suits share common question of law where brought under same statute).

[16] Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964).

[17] See Richardson v. U.S. Airways Group, Inc., No. 01-CV-1260, 00-CV-5052, 2001 WL 849701, at *1-*2 (E.D. Pa. July 16, 2001).

[18] Based on the Court's review of the pleadings in the Eastern Action and the V.A.L. Action, common questions may include whether a so-called "pay-if-paid" clause in the relevant sub-contracts is legally valid. Shoemaker contends that such provisions create a condition precedent to its obligation to pay the relevant Project subcontractor, namely, remittance of payment by the Aria owners to Shoemaker.  V.A.L. appears to assert that the "pay-if-paid" terms on which Shoemaker relies somehow violate Pennsylvania law.  The issue is not well developed at present, but could factor similarly into both the Eastern Action and this case.

default proceedings in the Eastern Action, the jury would potentially hear Eastern's claims, Shoemaker's cross-claims, and Shoemaker's third-party claims, as well as matters related to the consolidated insurance action.  Adding V.A.L.'s claims to the mix heightens the risk of jury confusion at trial.  Also, discovery and pretrial proceedings promise to be lengthier and more complex in the multi-party, multi-claim Eastern Action than in the relatively straightforward case presented in this action.  With these concerns, among others, in mind, the Court declines to exercise its discretion under Rule 42(a), and will deny Shoemaker's Motion.

### IV.  CONCLUSION

For the foregoing reasons, Shoemaker's Motion to Consolidate will be denied.  An appropriate order follows.